ROWLAND S. GRICE AND BETSEY GRICE, his wife, *v.* WM. RANDALL.

*Partition by probate court. Effect of decree.*

A decree of the probate court, partitioning real estate among heirs, or devisees, is only conclusive as to the matter of division among them of whatever estate exists, which they have a right to have thus divided, but has no effect upon the question as to the title of the land. Hence it will not preclude one of the devisees from subsequently insisting, in an action of ejectment brought against him by another devisee, to recover the portion assigned to the latter in severalty by the probate court, that no such estate, as was partitioned, in fact existed at the time, but that he had paramount title, as purchaser, to the entire estate.

EJECTMENT for land in Franklin. Plea, the general issue, and trial by jury, September Term, 1849,—POLAND, J., presiding.

On trial, the plaintiffs gave in evidence the will of Joseph Randall, father of the plaintiff Betsey Grice and of the defendant, duly approved by the probate court, January 29, 1823,—by which the testator devised to his wife, Judith Randall, all his real and personal estate, subject to the payment of his debts, and constituted her his sole executrix, and providing, that, if any thing remained at the decease of his wife, it should be divided equally among their youngest children, agreeably to his executrix' desire and according to law. The plaintiffs also proved, that Betsey Grice and the defendant were the legal heirs of Joseph Randall, and that Judith Randall, the widow of Joseph Randall, died in March, 1845. The plaintiffs also gave in evidence, from the records of the probate court, the copy of an application to that court by the plaintiffs, June 5, 1845, for a partition of the real estate of Joseph Randall, the decree of the probate court, June 5, 1845, that the defendant and Betsey Grice were each entitled to one half of said estate, and the proceedings thereon, dividing the said estate equally between them, and assigning to the said Betsey the premises demanded in this suit, and the application for an appeal therefrom by the defendant, in which he claimed to own the whole of said estate, under the will of Joseph Randall, in severalty, and exclusively, and the proceedings thereon, affirming the decree of the probate court. The plaintiffs also proved, that the defendant was in possession of the demanded premises, at the time of the commencement of this suit.

The defendant gave in evidence a deed from Judith Randall to himself, dated September 10, 1838, conveying the real estate of which Joseph Randall died seized.

The defendant insisted,—1. That, by the will of Joseph Randall an absolute estate in fee, in the real estate devised, passed to Judith Randall;—2. That if an estate in fee did not pass by the will, the will conferred upon said Judith an absolute power of disposition of the estate;—3. That in any event the said Judith, by the terms of the will, had the right to dispose of the real estate, if it became necessary to do so, in order to supply herself with the necessary means of support;—and for this purpose the defendant offered to prove, that the value of all the property, of which Joseph Randall died

Grice et ux. v. Randall.

seized, did not exceed $600,00, that said property, in the condition in which it was then and at the time of the deed from Judith Randall to the defendant, was altogether inadequate to furnish her with a comfortable living, that in order to furnish herself with a comfortable support it became necessary to sell the real estate, that she did sell and convey said real estate to the defendant, by the deed above mentioned, in order to furnish herself with the necessary means of support, and that the defendant, subsequent to said deed, had erected expensive buildings upon the estate, at his own expense, and continued to support the said Judith, after she had exhausted all the proceeds of said estate, and all her means, until the time of her death.

To the admission of this evidence the plaintiffs objected; and the court excluded the evidence, and directed a verdict for the plaintiffs, for the premises demanded. Exceptions by defendant.

*H. R. Beardsley* for defendant.

1. The probate court can only order partition of real estate in cases, where the estate is in the hands of two or more heirs by assignment of the probate court, and held by them under such assignment at the time of application for partition. In this case the estate had never been assigned by the probate court to Randall and Betsey Grice, and hence no foundation was laid for partition by decree of the probate court. Rev. St. 294, § 2–4.

2. Partition could only be ordered of estate held by two or more persons as joint tenants, tenants in common, or coparceners, at the time application for partition is made. Rev. St. 231, § 1. If the right to partition be not perfect at the time of application, the probate court can by no action, or decree, create a right. The premises in question passed, by operation of the testator's will, absolutely to Judith Randall, his wife; of course he left nothing, to which Betsey Grice was by law entitled, or to which she had any right as heir. If so, it was not in the power of the probate court, by any decree, to create or vest in her any legal right.

XXIII.    31

*Stevens & Edson* for plaintiffs.

The decision of the probate court, as set forth in the records, is conclusive as to the matters in dispute between these parties. That court had original and exclusive jurisdiction of the subject matter, subject to the right of appeal. The parties were regularly before the court, and the matter was there decided. The defendant appealed, claiming to own the whole of the premises, under the will of Joseph Randall, and the decree of the probate court was affirmed; and the court then proceeded to divide the estate. The question as to the legal effect of the will of Joseph Randall and of the rights of the parties to the land having already been settled by another and competent tribunal, its decision must be deemed final and conclusive, and the defendant is precluded from questioning the validity of the judgment. Smith's Lead. Cas. 493. *Outram* v. *Morewood*, 5 T. R. 121. *Hall et al.* v. *Dana*, 2 Aik. 384. *Robinson* v. *Swift*, 3 Vt. 283. *Wood* v. *Kinsman*, 5 Vt. 598. *Gray* v. *Pingry*, 17 Vt. 419. *Perkins* v. *Walker*, 19 Vt. 144.

The opinion of the court was delivered by

REDFIELD, J. The only question remaining in this case is, whether the decree of the probate court, affirmed in the county court, partitioning the land in dispute between the plaintiff and defendant, as devisees in remainder after the estate of Judith Randall was ended, will conclude the defendant from showing, that no such estate, as was partitioned, in fact existed at the time.

We think, that decree will have no effect of that kind. The power of the probate court, in regard to partition, is limited to very narrow bounds. It only extends to cases of heirs and devisees. And in those cases, that court has no jurisdiction of the question of the title of the land, but only of the mode of partition, assuming that title existed in the intestate, or testator. The partition, so far as the court have jurisdiction, is conclusive,—that is, to the matter of division among the heirs, or devisees, of whatever estate exists, which they have a right to have thus divided. And if, in making such division, any one or more of the heirs should be excluded from his share, as was done in one case in Orleans county, in regard to the half blood of the ancestor, the decree is nevertheless conclusive,

as was held in that case; and it is not competent for the probate court to grant a rehearing, after the decree is once completed.

But beyond that the decree has no effect. That court has not, like the county court in ordinary cases of partition, power to receive a plea denying the title of the petitioner and try the issue thus formed. If it had, the question of title would undoubtedly be concluded. But it has nothing whatever to do with any such inquiry. The question of estate and title is assumed, and the proceeding is for the purpose of dividing whatever estate, or title, exists. If none finally exist, the proceeding goes for nothing. It is merely hypothetical. It is statutory, limited and exclusive, and, within its appropriate sphere, conclusive. But if the assumed basis fail, the effect of the decree fails also.

The decree is purely *in rem,* and, to the extent of the jurisdiction, it binds all concerned, whether notified, or not. But it can have no effect *in personam,* in matters not within the jurisdiction of the court, in regard to any one, whether notified, or not, or whether they appear, or not. These circumstances are never important, in regard to the conclusiveness of judgments, whether *in rem,* or *in personam.*

If this title had been conveyed to a stranger, who had had no notice of these proceeding in the probate court, no one would perhaps claim, that his rights were concluded by a decree of partition, or distribution, among those claiming as devisees, or heirs. And the mere accident, that this land was conveyed to one of the persons named in the will, as devisees in remainder, can make no difference. The partition only concludes his title under the will, and not any title, which he might have as purchaser, and over which the court had no power or control whatever.

Judgment reversed and case remanded.